Case 49.—ACTION BY JAMES C. GREEN AGAINST D. C. CHESTNUT FOR DAMAGES FOR CUTTING TIMBER— April 25.

### Chestnut v. Green.

Appeal from Laurel Circuit Court.

H. C. FAULKNER, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

Sale of Timber—Written Contract—Right of Purchaser to Remove Timber—Where a written contract is made for the sale of all the timber on a tract to be removed therefrom in fifteen months, the purchaser acquired no right to cut or remove any timber from said land after the expiration of fifteen months from the date of the contract.

JAMES M. HAYS for appellant.

JAMES SPARKS for appellee.

(No briefs in the record.)

OPINION BY JUDGE NUNN—Reversing.

This appeal is from the judgment of the Laurel Circuit Court in favor of appellee for $200 as damages against appellant for cutting timber trees on a certain tract of land. The appellee claimed to have purchased the timber on a tract of land owned by G. W. Brewer and wife. The written contract, as produced by appellee in evidence, is to the ef-

fect that for the consideration of $58.20, agreed
to be paid by appellee to the Brewers in
lumber at certain prices, the Brewers conveyed
to him all the timber on the land which they owned,
and that appellee was to have, as alleged by appellee,
30 months in which time to remove the timber from
the land. This contract was dated May 31, 1901.
Appellant purchased and received a conveyance from
the Brewers to this land upon which the timber was
situated December 26, 1902, and there was no reserva-
tion in the deed of the timber sold to appellee. Ap-
pellant after this cut the timber from the land, and
sold it, and appellee brought this action against him
for damages, claiming that the timber was worth
$650. Appellee upon the trial did not show by his
evidence nor even give an opinion as to the number of
trees that stood upon this land, or the amount of lum-
ber the trees should have made. He only stated that
the poplar was worth $6 per thousand, and the other
timber $4 per thousand. Appellant proved that all
the trees on the land only made 85,000 feet of lum-
ber; the poplar worth $2 per thousand, and the other
$1 per thousand feet. Appellant stated he knew of
the contract of sale by Brewer of this timber to ap-
pellee, but understood the limit given in it to the ap-
pellee to get the timber off of it to be 15 months, and
that his purchase was long after that time had ex-
pired. Upon these facts the court gave the following
instruction: "Gentlemen of the jury, if you shall be-
lieve from the evidence that the plaintiff, James C.
Green, purchaser the timber in this controversy from
George and Sallie Brewer by the contract introduced
in evidence, and that plaintiff was to have either
fifteen or thirty months in which to remove such tim-
ber, and that the defendant knew of such purchase of
such timber by plaintiff, and then went upon the land

in controversy and cut and removed any timber embraced by such contract, then you shall find for the plaintiff by the way of damages the fair cash value of the timber taken, not exceeding $650. If you do not believe as required by instruction number one, you will find for the defendant.'' Upon one point the instruction is erroneous, and prejudicial to appellant, in that the court stated that the appellee was entitled to recover whether he had 15 or 30 months to remove the timber from the land. The appellant introduced Brewer, who made the contract with appellee, who stated that the written contract with reference to the sale of this timber to appellee only gave him 15 months within which to remove the timber from the land, and that the word ''fifteen'' had been erased or partially erased since the execution of the contract, and the word ''thirty'' inserted, making it read ''thirty months.'' And also that the contract stated that he (Brewer) was to pay for spruce pine lumber at $6.50 per thousand and ''$6.50'' has been erased and ''$7.50'' had been inserted, and that these changes had been made without his authority. It appears that the witness pointed out these changes, he having the original writing present. There was other evidence introduced to corroborate this witness' statements. We presume the lower court took the view that the time in which appellee should remove the timber from this land was not material as there was no provision in the contract stating to whom the timber should belong in case it was not removed within the time named. In this, we think, the court was mistaken. In the contract it was expressly stated, according to appellant's contention, only 15 months to remove the timber from the land. Brewer still owned the land and permitted appellee to enter upon it during the

time named to get the timber. Under the contract, if appellee had entered upon the land after the expiration of that date without the consent of Brewer, he would have been a trespasser. In the case of Boisaubin v. Reed, 1 Abb. Dec. (N. Y.), 161, a contract similar to the one before us was under consideration. There the party under the contract was given 10 years to remove the timber from the land, and in the tenth year he cut many logs that he was unable to remove within the period named, and he afterwards undertook to remove them, and the owner of the land enjoined him; and in discussing that case Judge Mason of the Supreme Court said: "I am not able to distinguish this case from the case of Howard v. Lincoln, 13 Me., 122, where the plaintiff sold to one Smith all the pine timber, white and hard, fit for boards, logs, etc., which was then standing, lying or being on certain premises, describing them, the said Smith to have the term of three years from the date of the contract to haul the timber. In that case the court held it was only a sale of the timber which the vendee might remove within the three years, and no more." This case was appealed from the Supreme Court to the Court of Appeals, and Judge Leonard of the court said: "The defendant cut down more timber than he could remove within his term. He knew that his right to enter and carry away expired at a particular day. He attempted to overreach the letter of his covenant, and must be allowed to bear his loss without remedy." (See, also, Pease v. Gibson, 6 Greenl., 81, and Warren v. Leland, 2 Barb. [N. Y.], 622.) In the case at bar it was agreed that the Brewers did not sell to appellant the timber in controversy until several months after appellee's contract had expired, if appellant's contention concerning the 15-months limitation is correct; and, as appellant introduced evi-

dence to sustain his contention, the court should have instructed the jury on this question, and, in effect, should have told the jury that if they believed from the evidence that in the sale of the timber by Brewer to appellee he was limited to 15 months within which to remove the timber, they should find for appellant, but, if the limit was 30 months, they should find for appellee the value of the timber as it stood in the tree.

For these reasons the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent herewith.