CASE 36—ACTION BY GEORGE CRESS AGAINST THE FORD LUMBER AND MANUFACTURING COMPANY FOR TIMBER TAKEN FROM HIS LAND.—March 5, 1909

## Ford Lumber & Mfg. Co. v. Cress

Appeal from Perry Circuit Court.

L. D. Lewis, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Affirmed.

1. Logs and Logging—Sale of Standing Timber—Time for Removal. —A sale of standing timber to be removed in a given time is only a sale of so much as is removed within the time, unless the purchaser is prevented from moving it within the time by act of God or the seller.

2. Estoppel—Equitable Estoppel—What Constitutes.—Statements made or failure to do an act which was not intended to and does not influence the conduct of others or lead them into a line of conduct prejudicial to their interest will not constitute an estoppel.

3. Estoppel—Prejudice to Person Asserting—Removal of Standing Timber.—The plaintiff sold standing timber by recorded deed limiting the time for removing the same, and, after such time had expired without removal, defendant bought the timber from plaintiff's grantee and removed the same. Held, that

Ford Lumber & M'f'g Co. v. Cress.

defendant must have known the limit of time for removing
the timber, and plaintiff's failure to object, he being ignorant
of his rights, to its cutting and removal by defendant, did not
influence or damage defendant, and hence did not estop plain-
tiff from recovering the value of the trees while standing.

MILLER & WARD for appellant.

T. E. MOORE, Jr., of counsel.

### POINTS AND AUTHORITIES.

1. Construction of deed from appellee to A. B. Asher. (Devlin
on Deeds, vol. 2, sec. ed., sec. 838a; Warvelle on Vendors, sec.
109; Warvelle on Vendors, sec. 444; White vs. Foster, 102 Mass.
375; McLeod vs. Tarrant, 20 L. R. A. 846.)
2. Waiver of Forfeiture. (Hare & Wallaces Am. Leading cases,
vol. 2, page 516; Bduley vs. Garvin, 48 L. R. A. 839; Am. & Eng.
Enc. of Law, vol. 13, page 79; Morgan vs. Perkins, 94 Ga. 353,
2; S. E. 574; Kellam vs. McKinstry, 69 N. Y. 264; Green vs.
Bennett, 23 Mich. 464; Haskell vs. Ayres, 35 Mich. 89; Williams
vs. Flood, 63 Mich. 467; Grange vs. Palmer, 10 N. Y. Supp. 201;
Wilkie vs. Day, 141 Mass. 68, 6 N. E. 542; Marsh vs. Bellew, 45
Wis. 36.)

BAILEY P. WOOTTON and JESSE MORGAN for appellee.

### QUESTIONS PRESENTED.

The only questions presented for the consideration of the court
on this appeal are, as we believe, the following:
First. Is a sale and conveyance by deed, of standing timber,
to be removed within a specified time, a sale of only so much
thereof as is actually cut and removed within that time?
Second. Was defendant, Cress, estopped to set up claim and
ownership to the timber because he did not object to its being
cut at the time, but who filed his action before it was removed
from the land?

### AUTHORITIES CITED.

Jackson vs. Hardin, 87 S. W. 1119 (27 Ky. Law Rep. 1110);
Chestnut vs. Green, 86 S. W. 1222 (120 Ky. 385); Taylor Brown
Timber Co. vs. Wolf Creek Coal Co., 107 S. W. 733; Terry vs.
Hill, 5 Ky. Law Rep. 688; 16 Cyc. 733; 2 Ky. 102, 320; Ringo, &c.

vs. .Warder, &c., 45 Ky. 514; McAdam's Admr. vs. Homes, 72 Ky. 15.)

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was instituted by appellee to recover the value of certain timber trees that were cut from his land by appellant. The trial resulted in appellee's favor, and appellant appeals.

The facts developed upon the trial are, in substance, as follows: On May 1, 1900, appellee sold these trees to one A. B. Asher, and conveyed them to him in the usual form. The deed was recorded in the county court clerk's office. It was expressly stated in the deed that Asher was to have three years from the date of the deed in which to move the timber. Not a tree was moved within the time stipulated. On August 21, 1903, which was after the time in which the timber was to be moved, A. B. Asher conveyed by deed these trees to appellant, Ford Lumber & Manufacturing Company. The trees stood unmolested until about the middle of March, 1904, when appellant caused them to be cut, sawed into logs, and collected at a point on appellee's land, for the purpose of transporting them, where they remained. until May or June, 1908. Appellee filed this action for the value of the trees at the time they were cut. Appellant answered, virtually conceding the truth of the facts as alleged, but denied its liability for the value of the trees, for the reason, as it alleged, appellee knew that the trees were being cut at the time the work was going on, and consented to it, and therefore is estopped from asserting any claim for the value of the trees. Appellee by reply admitted that he knew of the fact that the trees were being cut, and made no objection thereto. He alleged that he was without

education, that he could neither read nor write, and did not remember that the three-year clause was in the deed.    There is no conflict in the facts.   Each party presented testimony establishing the facts as recited.    The questions presented for consideration are: First. Is a sale and conveyance by deed of standing timber, to be moved within a specified time, a sale of only so much thereof as is actually moved within that time?    Second. Was appellee estopped to set up claim of ownership to the timber because he did not object at the time it was being cut?

The first question has been definitely settled by this court in several cases.    The rule is that a sale of standing timber on a certain tract of land to be moved in a given length of time is only a sale of so much of the timber as is moved within the time, unless on account of some act of God or of the seller the purchaser is prevented from moving the timber within the time given.    No rule can be established and enforced without creating what at times may appear to be a hardship, but it should not be made to bend to fit any particular case.    The rule stated is the law, and should be enforced.    See the cases of Jackson v. Hardin, 86 S. W. 530, 27 Ky. Law Rep. 1110; Chestnut v. Green, 120 Ky. 385, 86 S. W. 1122, 27 Ky. Law Rep. 838, and Taylor-Brown Timber Co. v. Wolf Creek Coal Co., 107 S. W. 733, 32 Ky. Law Rep. 1015; Carroll Oates & Owensboro Barrel Co. v. Yeargin (the opinion in which was delivered the 3d day of February, 1909) 115 S. W. 794.    The rule referred to is a just one and should be enforced, otherwise the owner of the land would be at a great disadvantage, for the standing timber would interfere with the clearing and cultivating of the land, and it could not be sold for its real value, if the

Ford Lumber & M'f'g Co. v. Cress.

purchaser of the timber could remove it at his will, and perhaps it would interfere with the sale of the other timber.

The second question cannot avail appellant for the reason that statements made or the failure to do an act by a person which was not intended to and did not influence the conduct of others or lead them into a line of conduct prejudicial to their interest will not constitute an estoppel. Appellee was permitted to recover only the value of the trees while standing. He was not permitted to recover the value of the timber enhanced by the labor of appellant, and therefore appellant was not injured in any respect by the failure of appellee to object to the cutting of the timber. It is essential to an equitable estoppel that the person invoking it has been influenced by and relied upon the representation or conduct of the person sought to be estopped. These elements are lacking in this case. When appellant bought from Asher, the deed from appellee to Asher was of record, and it must have known the limit of time in which this timber should have been removed, and that the act of appellee in failing to object, he being ignorant of his rights, to the cutting and removing of the timber by appellant, did not influence it in the matter nor was it damaged thereby. See 16 Cyc. 733; Ringo v. Warder, 6 B. Mon. 514; McAdam's Ex'r, etc. v. Hawes, 9 Bush, 15.

For these reasons, the judgment of the lower court is affirmed.