## Hicks, et al. v. Phillips, et al.

(Decided January 19, 1912.)

### Appeal from Wayne Circuit Court.

Deed—Timber—Reservation.—Where the grantor in a deed conveying land, reserves the timber on a specified part of the land, and the deed is silent as to the time of removal, and there is nothing in the other stipulations of the contract, or in the situation of the parties, or the circumstances surrounding them at the time the contract is executed, to show that a severance of the timber from the soil was contemplated, the title to all the timber then standing on the land specified remains in the grantor, and is not lost or defeated by his failure to cut and remove the timber within a reasonable time.

JOHN W. TUTTLE for appellants.

W. R. CRESS & SON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellants, James D. Hicks, Cary L. Hicks and Maggie Marshall, plaintiffs below, brought this action against Henry L. Phillips, Ephraim E. Phillips and others, defendants, below, to quiet their title to a certain tract of land situated in Wayne County, Kentucky. A demurrer was sustained to the petition and the petition dismissed; hence this appeal.

It appears from the petition that appellants claim title through Peter Marshall, deceased, who derived his title from M. Phillips by deed dated March 31, 1873, and recorded in Wayne County Clerk's office in Deed Book P., page 424. The deed in question contains the following clause:

"Said Phillips reserves the timber on the left hand side of the road leading from Monticello, Kentucky, to the Francis line, at present owned by William Thornton, also all the rails made, and cut timber for rails or other purposes, lying on said land."

Appellees are the heirs of M. Phillips and claim title through him. The petition charges appellees with having entered upon the land and cut valuable timber therefrom. It also alleges that no time being fixed in the reservation for removing the timber, it should in law, equity and good conscience have been removed in a reasonable time; that more than thirty-seven years had elapsed since the timber was reserved, during which time appellees had suffered their claim to lie dormant and unasserted up until about four years before the filing of the petition; that such length of time was unreasonable; that having failed to cut and remove the timber within a reasonable time, their claim was stale, and they should not now be permitted to do so. The petition concludes with a prayer for a perpetual injunction restraining the appellees from entering upon the land and cutting or removing the timber.

The question presented is, did M. Phillips and those claiming through him forfeit their right to the timber in question by failing to cut and remove it within a reasonable time? It is the law that where the contract itself fixes no time within which the timber sold or reserved is to be cut and removed, the intention of the parties may be ascertained from facts outside the agreement, such as the situation of the parties and the circumstances surrounding them at the time the contract is executed. (Patterson v. Graham, 164 Pa., 234). In the petition in question no facts nor circumstances are alleged which throw any light on the intention of the parties to the deed. Therefore, resort must be had to the reserving clause, as that is the only provision of the deed bearing on the question. It will be observed that the word, "reserves," is used. It is, therefore, insisted that the clause in question is a reservation and not an exception, and that as a reservation creates only a license or privilege which, if not exercised within a reasonable time, will lapse, appellees have lost their right to the timber by their failure to cut and remove it within a reasonable time. A reservation is a clause in a deed whereby the grantor reserves some new thing to himself issuing out of the thing granted and not in esse before; but an exception

is always a part of the thing granted, or out of ' general words or description of the grant (4 Ken 468; Brown, etc., v. Anderson, 88 Ky. 577). However, a reservation is not always created because the word, "reserves" or "reserving" is employed. "Reserving" sometimes has the force of "saving" or "excepting" (2 Coke Litt. 413; Whitaker v. Brown, 46 Pa. St. 197; Dee v. King, 77 Vt. 230). In general, a reservation is like an exception, something to be deducted from the thing granted narrowing and limiting what would otherwise pass by the general words of the grant (Dyer v. Sanford, 9 Metc. (Mass.) 395). "Reserving" and "excepting," although strictly distinguishable, are often used interchangeably or indiscriminately, and the use of either term is not conclusive as to the nature of the provision. (Florida East Coast R. Co. v. Worley, 49 Fla., 297, 28 So. 618; Keeler v. Wood, 30 Vt., 246; Roberts v. Robertson, 53 Vt., 690; Stockwell v. Couillard, 129 Mass., 231; Martin v. Cook, 102 Mich. 267; 13 Cyc. 672; 34 Cyc. 1641). Thus if A sell a farm of one hundred acres, and reserves a certain tract of five acres contained in the one hundred acres, the effect is just the same as if the five acres had been excepted from the operation of the deed. So if A sell his farm and reserve the timber thereon, the effect is just the same as if the timber had been excepted. In either case, the title to the timber does not vest in the grantee, but remains in the grantor. Being a 'part of the thing granted, it constitutes an exception and not a reservation in the technical sense. We are not, therefore, disposed to hold that because the word, "reserves," is used in the deed in question, the grantor retained merely the privilege or right to cut the timber. On the contrary he had the right to reserve the timber itself, and did reserve it. The title, then, remained in him, and from this standpoint, the question must be determined. It follows, then, that this case falls within the rule laid down in Baustic v. Phillips, 130 Ky., 711, where in the deed under consideration certain timber was "accepted." It was held that the parties intended to use the word "excepted," and thereby to reserve in the grantors the timber in question; and in discussing the question of the time within which the timber had to be cut, the court said:

"But it is insisted that the grantors had only a reasonable time within which to remove the timber; that having failed to remove it in a reasonable time, the title

thereto became vested in the appellants. In support of this position they cite several cases. An examination of these cases, however, will show that the time of removal was actually fixed, or the contracts of sale contemplated the severance of the timber from the realty. In such cases it is held that the purchaser has only a reasonable time within which to remove the timber (Bell County Land & Coal Company v. Moss, 97 S. W., 354, 30 Ky. Law Rep., 6; Chestnut v. Green, 120 Ky., 385; 86 S. W. 1122; Jackson v. Hardin, 87 S. W., 1119, 27 Ky. L. R., 1110). In the case under consideration, however, the grantors did not reserve to themselves the mere right to cut and remove the timber. They excepted from the provisions of the deed the timber in question. Therefore the title never passed to the grantees but remained in them.'' It was therefore held that the grantors did not lose their right to the timber by their failure to cut it within a reasonable time. In passing, it may be said in explanation of the sentence, ''In such cases, it is held that the purchaser has only a reasonable time within which to remove the timber,'' the court meant those cases where the contract fixed no time but a severance of the timber from the land was contemplated by the parties. Of course where the time is fixed, that controls.

But it is again urged upon the court that it, in cases of sales of timber where no time for removal is mentioned in the contract, is committed to the doctrine that the timber must be removed in a reasonable time. This contention makes it necessary to review the cases at some length.

In Cain v. McGuire, 13 B. Mon., 340, the only question was whether a parol sale of trees was within the Statute of Frauds; and the court held that as the sale was made in contemplation of their immediate severance from the ground, no writing was necessary. To the same effect are the cases of Byassee v. Reese, 4 Met. 372, and Tilford v. Dotson, 21 Ky. Law Rep., 333.

In Asher Lumber Co. v. Cornett, 23 Ky. Law Rep., 602, the trees were sold by written contract giving to the vendee five years in which to remove them. It was held that as the trees were not sold in contemplation of their immediate severance from the soil, they remained part of the realty.

In Dills v. Hatcher, 24 Ky. Law Rep., 826, it was held that where no time is fixed in the contract of sale for the severance of the trees, they are considered as realty.

In Wiggins v. Jackson, 24 Ky. Law Rep., 2189, it was held that a parol sale of trees not made in contemplation of their immediate severance from the soil, but giving to the purchaser two years within which to remove them, was within the Statute of Frauds.

In Chestnut v. Green, 27 Ky. Law Rep., 838, 120 Ky., 385, the contract for the sale of timber provided that it should be removed within fifteen months, and it was held that the purchaser could not remove the trees after that time.

In Jackson v. Hardin, 27 Ky. Law Rep., 1110, the contract of sale required the trees to be removed within eighteen months, and it was held that the purchaser was entitled only to such of the trees as he removed within that time.

In Taylor-Brown Timber Co. v. Wolf Creek Coal Co., 107 S .W., 733, the time for the removal of the trees and logs was fixed at four years, and the court held that no trees and logs could be cut and removed after that time but that the lumber manufactured from the trees and logs cut previously to the expiration of the time limit, could be removed within a reasonable time, since the contract contained no limitation with respect to the lumber.

In Ford Lumber Co. v. Cress, 116 S. W., 710, it was held that a sale of standing timber to be removed in a given time is only a sale of so much as is removed within the time, unless the purchaser is prevented from removing it within the time by the act of God or of the seller.

In Bowerman & Co. v. Taylor, 32 Ky. Law Rep., 671, is was held that in the case of the sale of standing timber where the contract of sale is made in contemplation of its being cut immediately and separately from the soil, it is treated as personalty, but that where its immediate severance from the soil is not contemplated, it is to be treated as realty; and that if no time is fixed in the contract of sale for its severance and removal, then it must be done within a reasonable time, if it is to be treated as personalty.

In Evans v. Dobbs, 112 S. W., 667, Dobbs sold by deed all the trees suitable for staves, but the deed did not fix any time for removal. However, the deed showed that it was contemplated that the trees should be severed from the soil and removed, and, as this was the construction placed upon the contract by the parties themselves,

it was held that the trees should be cut and removed within a reasonable time.

In McKay v. Fraley, 113 S. W., 444, the contract for the sale of timber did not fix any time for its removal, and it was held that the contract must be treated as conveying an equitable interest in the real estate.

In Hogg v. Fisher, 24 Ky. Law Rep., 930, the Court said:

"The law is well settled in this state that the title to standing timber in the hands of the purchaser under a written contract indicating no specific time for their removal, passes in the same way as the land itself; and the covenant of title would run with the land into the hands of any subsequent vendee with either actual or constructive notice thereof."

There is certainly nothing in any of the foregoing cases that militates against the doctrine herein announced. But it is insisted that the case of Morris v. Sanders, etc., 19 Ky. Law Rep., 1433, holds to the contrary. Not so, we think, when properly understood. There the deed provided: "It is furthermore distinctly understood that the parties of the first part reserve to themselves all the chestnut and oak bark now growing on the land hereby conveyed to the parties of the second part, and free ingress and egress in and from said land to cut, stack and preserve and remove said bark, and privilege of making and using such landings upon Green and Nolin rivers as may be necessary and right, to erect shanties to shelter their hands and laborers and teams while engaged in cutting trees, and saving the cutting of the bark, but the trees when stripped of their bark are to be the property of the parties of the second part." Thus it will be seen that the deed not only provided that the bark was to be cut and removed, but that the trees after the cutting and removal of bark, were to become the property of the grantees. A cutting and removal being contemplated by the parties, and the grantors in the deed having failed to exercise their right during a period of over twenty years, the court correctly said: "It seems to us that the law required Garrison and Stubbins (the grantors) to remove the tan bark reserved in the deed within a reasonable time, and that under the facts of this case, their right to enter and remove the tan bark, or transfer their right to enter, terminated many years before the institution of this suit."

If resort be had to the decisions of other states, we shall find that the rule we have announced is sustained be very respectable authority.

Thus in Wait v. Baldwin, 60 Mich., 622, it was held that by reservation of timber in a deed fixing no time for its removal the title remains with the grantor, and cannot be defeated by a failure to cut and remove the timber in a reasonable time.

In Magnetic Ore Co. v. Marbury Lumber Co., 104 Ala., 465, 16 So. 633; 27 L. R. A., 434, it was held that a sale by deed regularly executed, without condition or limitation, of the saw timber standing on certain land, no mention being made of the time when it is to be removed, vests absolute title to such timber in the purchaser, which is not lost or forfeited by his failure to remove it in a reasonable time as against the vendor or one to whom he sold the land with an express reservation of the trees.

In Goodwin v. Hubbard, 47 Me., 596, it was held that where a deed of land contains a reservation of "the pine trees and pine timber standing and lying" thereon, the grantor retains the absolute title to all such trees, and may maintain trespass against a remote grantee of the land for cutting and carrying away certain of such trees more than twenty years after the execution of the deed, although most of the trees had been removed by the grantor during the first five years, and none had been cut and removed by him since.

In Smith v. Furbish, 68 N. H. 123, 47 L. R. A., 226, 44 Atl. 398, it was held that where the grantor of land reserves an acre of land for a specified purpose, the grantee to have the timber thereon, the grantee can cut the timber as soon as the deed is delivered; but his neglect for an unreasonable time to remove such timber does not operate as a conveyance of it to the grantor.

In Butterfield v. Guy, 40 Sou. (Miss.), 78, it was held that where standing timber is real estate, no implied contract of removal within a reasonable time arises from an absolute conveyance of it, non-compliance with which will work a forfeiture.

In Putnam v. Tuttle, 10 Gray (Mass.), 48, where there was a provision in the deed that the wood was reserved to the grantor and his heirs forever, it was held that the right to the wood was not lost by a failure to remove it in a reasonable time.

An examination of the cases holding to the contrary

will show that in many instances, only a parol license was relied upon, while in other instances, the contract of sale or reservation plainly indicated that a severance of the timber from the soil was contemplated. Thus in Howe v. Batchelder, 49 N. H., 204, there was a parol sale of trees and no time fixed for their removal. The right to enter and take the trees in a reasonable time was held to be an incident of the sale. In Gilmore v. Wilbur, 12 Pickering, 120, the agreement was in parol, and the same rule was applied. Hill v. Hill, 113 Mass., 103, was based on a parol license.

In McRae v. Stillwell, 111 Ga., 65, 55 L. R. A., 513, the deed conveyed "all the pine timber suitable for sawmill purposes." The timber was to be paid for, so much cash, and the balance when the different tracts were entererd for the purpose of cutting the timber. The grantees were also given the right to construct railroads, tramroads and wagon roads for the purpose of getting the timber out. Here then there was a plain purpose to manufacture the timber, and a severance of it from the soil was necessarily contemplated.

In Boults v. Mitchell, 15 Pa., 371, where the reasonable time doctrine was applied, there was a sale of all the timber "suitable for rafting and sawing," thus showing an intention to sever.

On the whole we think the correct rule is laid down in Patterson v. Graham, supra, where it was held that one may buy growing timber with no intention of manufacturing it, and may hold it just as he might buy and hold the land, if he so frame his contract; but that where the parties intend that the timber shall be severed from the land, and no time is fixed therefor, the law implies that the grantee will remove it within a reasonable time. So, too, the vendor of land may wish to reserve the timber thereon, not with a view of cutting and removing it, but with a view of its ultimate enhancement in value when proper transportation facilities afford him a market. If so, he should be permitted to contract accordingly. But it is insisted that this will impose a heavy burden on the vendee of the land by defeating for an indefinite period of time the culture and improvement of the soil. If so, it will be a burden that he knowingly and voluntarily assumes. However, we apprehend that in the great majority of cases, the burden will be more imaginary than real, for ordinarily the fact that the timber may be stolen, or may be destroyed by decay, by

storm or fire, or may be lost in some other way, will be a sufficient incentive to the owner not to postpone indefinitely its severance from the soil.

Our conclusion then is, that where the grantor in a deed conveying land, reserves the timber on a specified part of the land, and the deed is silent as to the time of removal, and there is nothing in the other stipulations of the contract, or in the situation of the parties or the circumstances surrounding them at the time the contract is executed, to show that a severance of the timber from the soil was contemplated, the title to all timber then standing on the land specified remains in the grantor, and is not lost or defeated by his failure to cut and remove the timber within a reasonable time.

Judgment affirmed.

Chief Justice Hobson and Judges Nunn and Winn dissenting.