## Harrell, et al. v. Danks.

(Decided December 5, 1912.)

## Appeal from Muhlenberg Circuit Court.

1. Timber—Sale of—Time Specified For Removal—Right of Purchaser to Remove.—The sale of standing timber on a certain tract of land, to be removed in a given length of time, is a sale of only so much of the timber as is removed within the time, or within a reasonable time thereafter if the purchaser is prevented from removing it by act of God, or of the seller, or by some unforeseen misfortune or casualty over which he has no control.

2. Timber—Sale of—Removal Within Specified Time—Impossibility of Removal.—Where the purchaser of standing timber, to be removed within twelve months from May 19, 1910, delayed the removal of the timber until the latter part of November, during which time the timber could easily have been removed, he cannot complain of the fact that he was prevented from removing the timber by act of God or by some unforeseen misfortune or casualty over which he had no control, because during the winter months and the early spring of 1911 the roads became practically impassible on account of extraordinary rain.

3. Timber—Sale of—Specified Time for Removal—Interference by Seller.—Where there is a sale of standing timber on May 19, 1910, to be removed within twelve months, a remark by the seller to one of the purchasers' drivers during the month of January, 1911, and at a time when defendants claimed that the roads were so muddy and impassible that they could not haul to advantage, to the effect that he "would not haul through the mud" is not a sufficient interference on the part of the seller to excuse the purchasers from the necessity of removing the timber within the time specified by the contract.

GLENN & SIMMERMAN and TAYLOR & EAVES for appellants

WILLIS & MEREDITH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On May 19, 1910, plaintiff, for the consideration of $400 cash, sold to defendants, Z. Harrell & Company all the timber on the south side of the public road where he then lived, with the exception of the sassafras and mulberry, which were reserved. The contract was in writing and contained the following provision:

"Z. Harrell & Co. to have twelve months to work the timber off the land."

Plaintiff brought this action against defendants to recover damages in the sum of $325. He alleged in his petition that after May 19, 1911, the defendants forcibly and unlawfully entered upon his said land and cut and removed certain timber therefrom. Defendants pleaded that all the timber which they removed from the land in question after the expiration of the twelve months provided in the contract was cut before the contract expired, and that they were prevented from removing same within the contract time by the unusual and unprecedented water fall, which made it absolutely impossible for them to remove the logs and ties so cut within the twelve months next after May 19, 1910, after which time they did not cut any timber of any kind from the land. Plaintiff filed a reply traversing the allegations of the answer.

On motion of defendants, the case was transferred to equity. On final hearing, the chancellor rendered judgment in favor of plaintiff for $200. Defendants appeal.

The evidence shows that the defendants never began to cut the timber until the month of August, 1910, and that they did not begin to haul the timber from the land until the middle or latter part of November, 1910. They then hauled until about the first of January. After that they did no hauling until after May 19, when the time for removing the timber expired. The timber for which a recovery is sought was removed during the months of June and July. The defendants showed by several witnesses that there was a freeze in December, followed by a thaw a few days later, which caused the roads to become very muddy. In addition to this, there was an unusual rainfall during the winter months, and the early spring, and during all this time it was practically impossible to do any hauling. On the other hand, there was testimony to the effect that the weather during the fall of 1910 was fine for hauling, and that with one team and one crew of hands the timber could have been removed from the land in 100 days, and with more teams it could have been removed in a shorter time. It was also shown that while the roads were muddy during the winter months, the conditions were not much worse than usually prevailed at that time of the year.

Defendants insist that as the trees in question were severed within the time fixed by the contract of sale,

they became the personal property of the defendants, and in the absence of a clause in the contract forfeiting the title, the title remained in the defendants, and they had a right to remove the timber from plaintiff's land. In support of this position we are cited to the cases of Wallcutt v. Treisch, 92 N. E. (Ohio), 423, and Plummer v. Prescott, 43 N. H., 277. While these cases sustain the proposition contended for by defendants, they are not in accord with our decisions upon the question. It is the well settled rule in this State that a sale of timber on a certain tract of land, to be removed within a given length of time, is a sale of only so much of the timber as is removed within that time, or in a reasonable time thereafter, in case the purchaser is prevented from removing the timber by act of God or of the seller, or by some unforeseen casualty or misfortune over which he had no control. Jackson v. Hardin, 86 S. W., 1119; Chestnut v. Green, 120 Ky., 385; Ford Lumber & Mfg. Co. v. Cress, 132 Ky., 317; Bell Co. Land & Coal Co. v. Moss, 97 S. W., 354.

In an extended note to McRae v. Stillwell, 55 L. R. A., 513, the authorities on the question are collated, and the rule to be deduced therefrom is thus stated by the editor:

"Where the conveyance specifies a particular time for the removal of the timber, the purchaser has generally been held to have forfeited all rights in the timber not removed within the time specified, although a few cases hold that he still retains the title to the timber but cannot remove the same, as his right of entry is gone. It would seem that the mere cutting of the trees within the time specified, without their removal from the land, is insufficient to preserve the purchaser's rights in the timber; but the manufacture of them into timber has been held a sufficient removal of them, although such timber still remains on the land."

The question is: Are the facts of this case sufficient to bring it within the exception to the rule that the timber must be removed within the time specified in the contract? In other words, were defendants prevented from removing the timber by extraordinary rainfalls, or by the act of the seller? There is evidence to the effect that there were unusual rains during the winter and early spring of 1911; that during this period the roads were very muddy, and the timber could have been removed only with great difficulty and expense, if, in-

deed, it could have been removed at all. At the same time, the evidence shows that during the summer of 1910, and the fall of that year, the roads were in good condition and the timber could have been easily removed during that time. The evidence also shows that the defendants knew of the probability that the roads during the winter months would become muddy and diffi-. cult to haul over, although they might not have anticipated that the conditions would be quite as bad as they afterwards turned out to be. With knowledge of this fact they delayed cutting the timber until the month of August, and never began to haul at all until in the month of November. The chancellor was of the opinion that the defendants could not postpone the removal of the timber for a period of six months, during which time it could have been easily removed, and then complain that because the roads were unusually muddy and impassable during the winter months, they were prevented from removing the timber by some act of God, or unforeseen misfortune or casualty over which they had no control. After carefully considering the evidence, we see no reason why we should reach a different conclusion.

The only other circumstance relied upon to bring the case within the exception to the rule is the testimony of one of defendants' drivers to the effect that plaintiff stated that he, plaintiff, "would not haul through the mud." Plaintiff denies making the statement, but whether he made it or not, we are not inclined to hold that the remark was a sufficient interference on the part of plaintiff to excuse the defendants from the necessity of removing the timber within the time specified in the contract. The remark if made at all, was made in the month of January, 1911, when defendants say that the roads were so muddy that they were unable to haul to any advantage.

Judgment affirmed.