## Vincent v. Haycraft.

(Decided May 13, 1914.)

### Appeal from Edmonson Circuit Court.

Deeds—Reservation—Timber—Effect on Title to Fruits of Timber.—Gillis Vincent conveyed to Haycraft a tract of land, reserving the timber, with the privilege of removing it within seven years. He then sold the timber to Roscoe Vincent, to whom Haycraft also sold the land, reserving the use and possession thereof from April 29th to the first of the January following. During the months of October and November a large quantity of beech mast ripened and fell on the ground. Held, that Roscoe Vincent's right to cut and remove the timber did not carry with it the independent right to go on the premises and carry away the fallen mast, but that the mast was subject to appropriation by Haycraft, who had retained the use and possession of the land.

M. M. LOGAN, ORA E. HAZELIP and GRIDER & LOGAN for appellant.

JOHN J. JOHNSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On March 31, 1908, Gillis Vincent conveyed to S. R. Haycraft a tract of land containing about 35 acres. The deed contained the following reservation:

"The party of the first reserves all timber upon the land herein conveyed with the free and unobstructed right to cut and remove same for the final period of seven years from this date."

On July 20, 1911, Gillis Vincent sold and conveyed to Roscoe Vincent the timber growing upon the land which he had previously sold to Haycraft. On April 29, 1912, Haycraft sold and conveyed the land to Roscoe Vincent, the deed containing a provision to the effect that Haycraft was to have the use and possession of the land until January 1, 1913. The timber on the land consisted principally of beech trees. In the year 1912 there grew upon these trees a very large amount of mast, which is chiefly valuable as a food for hogs. The beech mast ripened and fell on the ground in the months of October and November.

The question is: Who is the owner of the beech mast —Roscoe Vincent, who had acquired title to both the timber and the land, or Haycraft, who had retained the use and possession of the land until January 1, 1913? The court below held that the mast belonged to Haycraft. Roscoe Vincent appeals.

The argument for Vincent is in brief as follows: The reservation of the timber was a reservation of an interest in the land. Haycraft never acquired any title whatever to the timber. Therefore, when he reserved the use and possession of the land, he reserved only the title which he then had. The reservation of the timber carried with it the reservation of the fruit of the timber. Having no title to the timber, Haycraft could in no way acquire title to the fruit of the timber. In this connection it is insisted that the case is not unlike that of a fruit tree overhanging the premises of another, in which event it is generally held that the fruit belongs to the owner of the soil on which the tree is growing, and not to him on whose soil the fruit happens to fall. Skinner v. Wilder, 38 Vt., 115, 88 Am. Dec., 646; Lyman v. Hale, 11 Conn., 177, 27 Am. Dec., 728; Hoffman v. Armstrong, 48 N. Y., 201; Hickey v. Michigan Central R. R. Co., 21 L. R. A., 729.

It may be conceded that it was the purpose of Haycraft to reserve until the following January 1st whatever estate he had in the land by virtue of his original deed, and that the case is precisely the same as if the question were between him and his grantor, Gillis Vincent. It may also be conceded that mast is as much the fruit of the beech tree as the acorn is of the oak, the chestnut of the chestnut tree, or the walnut of the walnut tree. Bullen v. Denning, 5 Barn., &c., 842; United States v. Nordlinger, 121 Fed., 690, 58 C. C. A., 438. The case,

however, is not similar to that of fruit growing on the land of one land owner and falling on the land of another. In the latter case the land owner on whose soil the fruit falls has no interest in the adjoining land of which the tree is a part. Nor do we think the case is exactly like that of the reservation of an orchard or of certain fruit trees. The sole purpose of reserving an orchard or certain fruit trees would be to reserve the fruit, for fruit trees are valuable for the fruit alone. After all, we think the case turns on the intention of the parties in reserving the timber. Manifestly, the main purpose of the reservation was the timber itself, and not the incidental fruits of the timber. It is the general rule that a sale or reservation of timber, to be cut and removed within a specified time, is a sale or reservation of only so much as may be cut and removed within that time. Adkins v. Huff (W. Va.), 52 S. E., 773,, 3 L. R. A. (N. S.), 649; 25 Cyc., 1551-2; Jackson v. Hardin, 27 Ky L. R., 1110, 87 S. W., 1119; Chestnut v. Green, 120 Ky., 385, 86 S. W., 1122. Therefore, the removal of the timber within the time specified is an element necessary to the completion of the title. Here the original grantor, Gillis Vincent, during the time that the title to the timber was in him, and thereafter the grantee of the timber, Roscoe Vincent, had the right at any time before the expiration of seven years to cut and remove the timber in question. Therefore, while the use and possession of the land were reserved by Haycraft, Roscoe Vincent had a right to go upon the land and cut and remove the timber. In doing this he had the right to take away anything that was a constituent part of the timber. This carried with it the right to take the mast so long as it was on the trees. When, however, the mast became ripe and fell on the ground, it was no longer a part of the timber; and the right to cut and remove the timber did not carry with it the independent right to go on the premises and carry away the fallen mast. That being true, we conclude that the retention of the use and possession of the land until the following January 1st gave to Haycraft the right to appropriate to his own use the ripened mast which had fallen on the ground during the months of October and November.

Judgment affirmed.