## WILLIAM MONTGOMERY *v.* ROBERT L. McKEEVER ET AL.

[No. 31, January Term, 1934.]

*Decided April 12th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Joseph C. Cissel,* with whom were *Howard W. Kacy* and *Whiteford & Cissel* on the brief, for the appellant.

*Louis Titus* and *W. F. Prettyman,* for the appellees.

ADKINS, J., delivered the opinion of the Court.

William Montgomery, the appellant, on June 20th, 1925, by contract in writing, agreed to sell to Robert L. McKeever, one of the appellees, a tract of land containing fifty acres with the improvements thereon, in which "seller reserves right to remove the boxwood bushes in the nursery at the side of the house and every other one of the boxwood plants along the front drive." A deed for the property was executed on August 1st, 1925, in which there was no reservation of the right to remove the boxwood. Nor was there any such reservation in a deed of trust of said property executed on the same date by the grantee to the grantor and several other persons; nor in certain mesne conveyances by which the property was in the early part of 1931 conveyed to Regina L. McKeever, wife of Robert. It appears that nothing was done about the removal of the boxwood until December 16th, 1931, when appellant wrote Mr. McKeever that he was ready to remove them. Mr. McKeever, in a subsequent conversation some weeks later, told appellant that neither Mr. or Mrs. McKeever thought appellant was entitled to the plants. However, appellees subsequently agreed to allow the removal. When appellant in March, 1932, sent a nurseryman to remove them, after some of them had been removed a dispute arose as to what the original agreement was, and Mr. McKeever ordered the men away and refused to permit the removal of any more of the plants. It appears from undisputed testimony that between the date of the original contract and the letter of December 16th, 1931, the McKeevers were at considerable expense in fertilizing and caring for the plants. On the refusal by appellees to permit the removal of the remaining plants claimed by the appellant, he brought this action of replevin. This appeal is from a judgment for defendants on a directed verdict.

588

We find it necessary to consider only one of the several questions presented in the brief and oral arguments of the respective parties, viz.: Were the shrubs personal property subject to an action in replevin? That question, we think, was definitely determined in *Western Maryland Dairy Co. v. Md. Wreckage Co.*, 146 Md. 318, 126 A. 135, 136. In that case, in an opinion by Judge Parke, the law of constructive severance, by agreement, of fixtures, and other property attached to the soil, was carefully and fully considered, and the authorities reviewed. Many other cases in other jurisdictions not therein cited, including some of those cited by appellant, support the conclusion therein reached on the facts of that and the present case. It is unnecessary to review them here.

There the Western Maryland Dairy Company owned a lot and the building thereon, which it agreed on March 14th, 1922, by a written contract, to sell to the News Publishing Company of Baltimore City. The transaction was to be closed at any time on or before December 31st, 1922, the vendor reserving the right to remove from the property, before the date of the transfer, "all machinery and equipment located therein." The transfer to the News Publishing Company was not made within the time named, but the time was extended to January 15th, 1923, and on January 17th, 1923, the deed was delivered and recorded. On January 9th, 1923, a written contract was entered into by the Western Maryland Dairy Company with the Maryland Wrecking & Equipment Company for the sale to the last named company of all the equipment and personal property then owned by the seller and located in said buildings except certain property expressly reserved. The purchaser did not remove the property purchased within the period allowed for the removal. On February 16th, 1933, the News Publishing Company sent word to the foreman of the wrecking company that all work must stop, on the ground that the News Publishing Company, since January 15th, was the owner of all the property the wrecking company was then engaged in removing. The

appellee sued the dairy company and the publishing company in an action of trover. There was a directed verdict in favor of the publishing company, but a verdict for the plaintiff as against the dairy company, the judgment on which was reversed. This court held that there was no conversion by the dairy company, as it was not in possession of the property after the delivery of the deed to the publishing company. The court said: "In this case there was no absolute agreement by the vendor and vendee for a severance of the fixtures, but a contingent one, creating a right which was dependent upon the condition precedent that the physical detachment and removal of the fixtures from the premises must be made before a named day. If this condition precedent be not fulfilled by the severance and removal of the fixtures and personal property by the day specified, * * * the fixtures retain their nature as part of the realty and pass to the vendee. (Citing a number of cases.) It is a result of this agreement that the fixtures would not become, as against the vendee, a personal chattel until there was an actual severance and removal."

So here, there was no absolute reservation of the boxwood plants, but simply the reservation of a privilege which did not pass title. The appellant did not agree to remove them and could not be compelled to do so. Until he exercised his privilege and actually severed the plants, they remained, as to the vendee of the land, a part of the realty. The distinction between the reservation of the right to cut timber, and the reservation of the timber itself from the grant, is clearly brought out in *Hicks v. Phillips,* 146 Ky. 305, 142 S. W. 394, one of the cases relied on by appellant, where a number of cases are cited. We express no opinion as to what would have been the situation of appellant if there had been an absolute reservation of the boxwood from the grant. The great weight of authority seems to support the proposition that, in the absence of an agreement as to the time when the reserved property may be physically severed, the theory of constructive severance contemplates a removal presently or within a rea-

sonable time, and not an indefinite cumbering of the soil by the thing to be removed. But it is not necessary to decide that question here.

In our opinion *Western Maryland Dairy Co. v. Maryland Wrecking Co., supra,* is conclusive against the right of appellant to recover in this action.

*Judgment affirmed, with costs to appellee.*

OFFUTT, DIGGES, and PARKE, JJ., concur in the result.