## Hounshell v. Miller, et al.

(Decided May 2, 1913.)

### Appeal from Breathitt Circuit Court.

1. Deeds—Sale of Timber—Right to Remove.—Where the grantor in a deed conveying land reserves the timber, and the deed is silent as to the time of removal, and there is nothing in the other stipulations of the contract, or in the situation of the parties, or the

circumstances surrounding them at the time the contract is exe-cuted, to show that a severance of the timber from the soil was contemplated, the title to the timber remains in the grantor, and is not lost or defeated by his failure to cut or remove the timber within a reasonable time.

2. Vendor and Purchaser—Sale of Timber—Where one buys stand-ing trees, with the right to remove them within a given time, he must exercise the right within the time specified in the con-tract; and, in case he fails to do so, the title to the timber passes to the owner of the soil upon which it stands.

3. Equity—Jurisdiction—Trespass.—Equity has jurisdiction to enjoin a trespasser, where the plaintiff has cause to apprehend that acts of trespass will be repeated and successive, regardless of the solvency or insolvency of the trespasser.

THOS. T. and W. N. COLE for appellant.

CHESTER A. BACH for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant, Harvey Hounshell, owned a tract of land in Breathitt County. On June 30, 1898, he sold to C. Kelman all the white oak and chestnut oak timber on the land for one hundred dollars. From this sale, how-ever, Hounshell excepted 74 branded trees. By the terms of the contract Kelman had five years to remove the timber he had bought. By a subsequent contract, dated December 20, 1898, Hounshell sold to Smith, for a cash consideration of $104.55, all the white oak and poplar trees having certain diameters, consisting of 83 white oak trees and one poplar. The contract further de-scribed the timber thus sold to Smith as "being all the green standing merchantable timber of the above named kind on said lands, with the usual and customary right of way of ingress and egress for the purpose of cutting and removing said timber." The contract contained this further clause:

"The party of the second part is given six years from and after this date in which to remove said trees from off said land; but, if the party of the second part (Smith) should desire to have said trees stand on said land for a longer period than six years, he shall have the right to let said trees stand on said land until he shall desire to remove them, except that the party of the first part (Hounshell) shall, after the expiration of said period of six years, have the right to deaden such trees as stand on land where the party of the first part desires to clear

and cultivate, first giving the second party, or his assigns, twelve months personal or written notice to remove the said trees off said land where the party of the first part desires to clear or cultivate; and the party of the first part guarantees to the party of the second part the care and protection to said trees hereby conveyed, except where it may be necessary to deaden any of said trees on the terms and conditions aforesaid.''

The contract further gave Smith a lien upon the land to secure him against any loss which he might sustain by reason of the failure of title to any part of the trees which Hounshell had sold him. It is not clear whether Hounshell sold to Smith any of the timber which he had theretofore sold to Kelman, or whether the sale to Smith carried Hounshell's reservations in his sale to Kelman; and, according to our view of the case, it is not material which construction should be given that contract, since this case in nowise affects the rights of either Kelman or Smith. Under any interpretation to be given Hounshell's contracts with Kelman and Smith he parted with all his timber.

Finally, on March 25, 1899, Hounshell and wife sold the land upon which the timber stood to the appellees Miller, in consideration of a horse; but the deed excepted all the white oak and chestnut oak timber that would make railroad ties; also 74 branded white oak trees, and enough tie poles to raft said 74 trees. The deed contained a covenant of general warranty, and reserved a lien on the land and a right of way to have said trees hauled out within five years.

The clause relating to the lien is of doubtful meaning, but we agree with the parties in construing it to give Hounshell five years in which to remove his timber, and a right of way to effect the removal, with a lien on the land to secure him in those rights.

In December, 1910, Miller and wife brought this action, in equity, to enjoin Hounshell from entering upon said land and cutting or removing any timber therefrom, and to restrain his repeated trespasses thereon. The answer set up the sales to Kelman and Smith above described, and Hounshell's reservation and exceptions in the deeds, and his right to enter and remove the timber reserved.

The circuit judge granted the relief sought, uopn the theory that Kelman and Smith, having failed to remove the timber which they had bought within the time speci-

fied in their several contracts, the right to said timber had reverted to Miller, as the owner of the soil, under his deed of March 25, 1899, from Hounshell; and from that judgment Hounshell prosecutes this appeal.

We agree with the ruling of the circuit judge. Where the grantor in a deed conveying land reserves the timber, and the deed is silent as to the time of removal, and there is nothing in the other stipulations of the contract, or in the situation of the parties, or the circumstances surrounding them at the time the contract is executed, to show that a severance of the timber from the soil was contemplated, the title to all the timber then standing on the land remains in the grantor, and is not lost or de- feated by his failure to cut and remove the timber within a reasonable time. Hicks v. Phillips, 146 Ky., 305.

But where the vendee buys trees standing upon land, with the right to remove them within a given time, he must exercise the right within the time specified in the contract; and it is this last rule that is applicable to this case, since in each of the contracts a time was fixed in which the timber should have been removed. Neither Kelman nor Smith is making any claims to any portion of this timber; we are called upon to pass only upon the rights of Hounshell and Miller. In the sale by Hounshell to Kelman, Hounshell expressly reserved 74 branded trees, which, under the authority of Hicks v. Phillips, *supra,* he had a right to remove at any time in the future; he was not required to remove them within five years, or within any specific time, although Kelman was re- quired to remove the timber he had bought within five years. But when Hounshell sold to Miller, and reserved certain specified timber, his reservation and ownership was limited by the requirement that he should remove the reserved timber within five years—a period which had long since expired when this action was brought.

In no event has Hounshell an interest in any of the timber now upon the land, since he had sold it all to Kelman and to Smith before he sold the land to Miller; and if he be considered the owner of the trees reserved in the deed to Miller, they became the property of Miller, the owner of the soil, upon Hounshell's failure to remove them within the five years. It follows, therefore, that Hounshell had no right to go upon the land of Miller, and the court properly restrained him from doing so.

It is well settled that equity has jurisdiction to enjoin a trespasser where the plaintiff has cause to apprehend

that acts of trespass will be repeated and successive, regardless of the solvency or insolvency of the trespasser. Musselman v. Marquis, 1 Bush, 463; McCloskey v. Doherty, 97 Ky., 306; Ladd v. Osborne, 79 Iowa, 93.

Judgment affirmed.