## Shaw v. Morrison, et al.

(Decided March 7, 1924.)

Appeal from Larue Circuit Court.

Waters and Water Courses—Injury by Drainage Held Not Irreparable Injury, but Slight, and Not Ground for Injunction.—In an action for mandatory injunction to compel the removal of a tile wholly upon the lands of others designed to drain a pond thereon, and constructed at the instance and cost of the fiscal court for the protection of a fill in the public highway, plaintiff was not entitled to an injunction where the injury was small, permanent, and not irreparable.

WILLIAMS & HANDLEY, S. Y. JONES and WILL M. GRAHAM for appellant.

MATHER & CREAL for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

By this action appellant sought a mandatory injunction to compel appellees to remove a tile, wholly upon the latter's land and designed to drain a pond thereon. It was alleged the tile interfered with the natural drainage and caused water to flow upon appellant's land unnaturally and in increased volume, thereby injuring his land permanently and irreparably.

Appellees' answer denies irreparable injury, and avers that the tile was constructed at the instance and cost of the fiscal court for the protection of a fill in the public highway, and that the damage, if any, to appellant's land is small, permanent, and easily ascertainable, and that the appellees are financially able to respond in damages.

The averments of the answer, except as to appellees' financial responsibility, were traversed, and proof taken. Upon submission, the chancellor found the injury, if any, was not irreparable, refused the injunction, and transferred the cause to the common law docket to permit plaintiff to assert and try his claim, if any, for damages. Declining to assert damages and electing to stand on his right to injunctive relief, appellant's petition was dismissed, and he has appealed.

It stands admitted that the injury is permanent and that appellees are able to respond in damages, and we concur in the chancellor's finding that the injury, if any, is not irreparable but slight and easily ascertainable.

Dealing with an analogous situation in Devou v. Pence, 106 S. W. 874, 32 R. 697, we held, upon many authorities there cited that ''As the injury to appellant's property is not an irreparable one but one for which the damages can be ascertained, and appellees are solvent, she was not entitled to the (injunctive) relief sought.''

We are therefore of the opinion the court did not err in denying the injunction, and the judgment is affirmed.