## Hayes v. Cyrus et al.

(Decided Nov. 24, 1933.)

W. D. O'NEAL and CHAS. A. LYCAN for appellant.
C. F. SEE, Jr., for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and defendant below, Jay Short, as sheriff of Lawrence county, levied an execution in favor of the defendant and appellee R. C. Cyrus (which was issued against Tom Hayes, the defendant therein) on a Graham-Paige sedan automobile. After the levy was made, the appellant and plaintiff below, Mary J. Hayes, the wife of the defendant in the execution, filed this equity action in the Lawrence circuit court from whence the execution issued, against the plaintiff therein, and the sheriff of the county, in which she prayed that the defendants be enjoined from enforcing the levy, and that it be quashed, upon the ground that the automobile was her property and not that of her husband, the defendant in the execution. Issue as to her ownership of the property was formed by defendants' pleadings, and, upon trial, after evidence taken, the court dismissed plaintiff's petition, and, complaining of that judgment, she prosecutes this appeal.

Much of the testimony of the witnesses who gave

their depositions in the case was and is wholly irrelevant and incompetent; and the depositions of two of them who testified in the case as to material facts were objected to, upon the ground that the certificate of one of them did not conform to our Code requirements, and that the other one (plaintiff) was incompetent to testify under the applicable provisions of section 606 of the Civil Code of Practice. But the written exceptions to those depositions were never acted on, and, so far as the record shows, they were read and heard at the trial without further insistence upon the exceptions by the respective exceptors. In such circumstances it is the uniform rule that the exceptions will be considered as waived. With the proof in that condition, it shows that the automobile was purchased from a dealer in Charleston, W. Va., on March 20, 1930, for $1,975, a part of which was paid by the dealer accepting another automobile then owned by Tom Hayes, and he executed his note due in thirty days thereafter for the balance of the purchase price, and which he later paid from the proceeds of a check for $5,000, which he had received in consideration of the sale of some oil leases that he had taken in West Virginia. The check, when given, was left with the dealer by Tom Hayes, and, when cashed, his note was paid and the balance of the proceeds was delivered to him.

Mrs. Hayes testified that she was a partner with her husband in the ownership of the oil leases, but her testimony on that point is exceedingly hazy and shows that practically all that she did to create such partnership was to travel around with her husband when he was engaged in obtaining the leases. She testified that in consideration of such alleged services her husband agreed to make her an equal partner, but we are not impressed with the force and effect that plaintiff seeks to attach to such activities on her part. On the other hand it appears in the record that the husband, some time prior to the purchase, had gone into bankruptcy; but, notwithstanding that fact, he later procured the leases in his name and the check for the $5,000 was made payable to him, and the books of the company who sold the automobile show that the sale was made to the husband and that he made all the payments of the purchase price, a part of which, as we have said, was at first represented by his note which he later paid.

It will thus be seen that the most that may be said is, that the testimony is contradictory and the trial court resolved the issue against plaintiff, and, under the rule of this court applicable to such situations, we are not authorized to reverse such findings of fact, unless we entertain more than a doubt as to their correctness. The evidence in this case has no such effect on our minds. On the contrary, we conclude that the facts and circumstances testified to rather support the judgment of the trial court than to oppose it. The debt of Cyrus, forming the basis of the judgment against Tom Hayes, seems to have been created after his bankruptcy discharge, and the testimony as a whole is quite persuasive that if he attempted to place the title of the automobile in the plaintiff, his wife, it was a voluntary gift, and which would not prevail against his creditors. Although her testimony tends to refute that conclusion, it is done only in a hazy and unsatisfactory fashion. We deem further or more detailed discussion unnecessary.

Wherefore, for the reasons stated, the judgment is affirmed.