## Noe v. Bengey et al.

Feb. 14, 1939.

GEORGE R. POPE and FORESTER & CARTER for appellant. DANIEL BOONE SMITH for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Zora S. Bengey and C. D. Bengey own a tract of land on the Cumberland river in Harlan county and located within the arc of a bend in the river. Margie Noe owns a tract on the opposite side of the river. Some time ago Margie Noe began erecting two lines of wire fencing a few feet apart with the intervening space filled with stone and proposed to continue such structure for 600 feet within the bed or channel of the river, at some points a distance of more than 100 feet from the present bank of the river on her side. The bed or channel of the river at and near where this structure was

started varies somewhat in width but is approximately 400 feet wide.

The Bengeys instituted this action setting up the foregoing facts and after alleging grounds for such relief asked that Margie Noe be permanently enjoined from continuing or completing the wall or structure and mandatorily enjoined to remove that part of the structure already constructed.

Defendant by answer traversed the material allegations of the petition but admitted that she was building the structure complained of; that same was along the banks of the river on her side and had been placed there for the purpose of protecting her banks from washing; that the land inclosed by the structure is a part of her original bottom land and that same did not change the channel or course of the stream; that plaintiffs and their predecessors in title have set their fences out from their banks at least 75 feet for the purpose of protecting their land and this has caused accretions or accumulations on their side which is protected by fences, bushes and undergrowth. The issues were completed by a reply traversing the affirmative allegations of the answer. On final hearing the chancellor granted to plaintiff the relief sought and defendant is appealing.

It is argued in substance by counsel for appellant that appellees are not entitled to the injunctive relief because at most a mere possibility of injury has been shown; that if injury does occur appellant is solvent and amply able to compensate for any damage that might result and that injunction does not lie to prevent mere trespass.

It is alleged in the answer of appellant that this wall will be 4 or 5 feet high and it is shown by evidence that to such extent it will narrow the channel of the river to about two-thirds of its former width. The evidence for appellees clearly conduces to show that this will divert the current and flow of the river and cause it to flow with such force against the banks of appellees as to cause them to wash and cave in. Apart from the evidence it is a matter of common knowledge that such material narrowing of the channel of a stream would cause strong currents to flow against the banks thereof and that a structure of this character, situated as it is, will throw currents against the opposite bank of the river with greater force. Appellant and her witnesses

testified that the proposed structure did not divert the flow of the river or throw it with greater force against the land of appellees; that appellant's banks opposite where the wall is to be constructed have been washing and caving in and have moved back 75 feet or more in her bottom land; that this structure follows practically the line of the old bank of the river. Witnesses for appellees testified that there had been no material change on either side for many years.

Authorities cited to support appellant's contention that mere possibility of injury will not authorize injunctive relief are American Snuff Co. v. Walker, 175 Ky. 149, 193 S. W. 1021, and Campbell v. Irvine Toll Bridge Co., 172 Ky. 313, 314, 190 S. W. 1098, 1099, but an examination of those cases will reveal that they do not sustain such contention; and deal with contract rights and breach of contract where the parties were solvent and the damage could be determined with certainty. In the latter case it is said:

> "Ordinarily, the solvency or insolvency of the defendant is not important, where the injunction is sought on the ground of the impossibility of measuring the injury in terms of money, or where the remedy at law is inadequate, however responsible the defendant may be."

In the former case it is said:

> "The writ of injunction is an extraordinary remedy which cannot be employed save in a clear case of impending injury. There must not only be an urgent necessity, but such necessity must be clearly shown. A mere possibility of injury will not authorize the granting of the writ. The mere fact that there is a contract between the parties which the defendant has violated, or is about to violate, will not authorize resort to the writ. * * * To authorize exercise of the jurisdiction of a court of equity to enjoin a breach of contract the inadequacy of the remedy at law must be patent." [175 Ky. 149, 193 S. W. 1022.]

The quoted excerpts will show that these cases relied on by appellant do not sustain her contention but utterly refutes it.

In Hounshell v. Miller, 153 Ky. 530, 155 S. W. 1148, 1149, it is said:

> "It is well settled that equity has jurisdiction to

enjoin a trespasser where the plaintiff has cause to apprehend that acts of trespass will be repeated and successive, regardless of the solvency or insolvency of the trespasser.''

To the same effect see 27 R. C. L. 1133-34. See also Judd v. Blakeman, 175 Ky. 848, 195 S. W. 119. In the case of Johnson v. Lainhart, 274 Ky. 127, 118 S. W. (2d) 204, appellant was making practically the same claim as is made by appellant in this case with respect to the height and purpose for which the wall was being constructed in the bed of a creek allegedly to protect his banks and restore the creek to its old channel and it was held that he might be enjoined from erecting and maintaining such wall at the instance of the owner of the opposite side of the creek. That and the other cases and authorities referred to are conclusive of every question presented.

The evidence shows that the river in high tides follows the gradually curving banks of appellant's side; but that if this structure is completed the current will strike a straight surface in some places considerably over 100 feet from the present banks on appellant's side and be thus diverted from its natural course; that appellees' land is of a loamy nature, easily washed, and that such diversion of the stream will inevitably result in damage to it.

The chancellor's finding and judgment is amply sustained by the proven facts and circumstances.

Judgment affirmed.