## Collins et al. v. Pigman et al.

Sept. 29, 1942.

Frances M. Burke, J. E. Sanders and Harry L. Moore for appellant.

J. P. Hobson, Jr., and Emmet Fields for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

For many years, appellees, Dr. and Mrs. Owen Pigman, have owned a lot situate within the arc of a bend in the north fork of the Kentucky river in the city of Whitesburg, and in the year 1937, constructed a valuable home thereon. About the same time the city of Whitesburg with the aid of the Works Progress Administration

commenced the construction of a new bridge crossing the river at the north corner of appellees' property. Appellant, S. A. Collins, is the owner of real estate bordering the west bank of the river directly opposite the property of appellees. Appellant permitted the city to take stone from a rock quarry on his property to be used in the construction of the bridge and directed the workmen to construct a fill on her property along the bank of the river, thus raising the grade approximately five or six feet. In addition to the stone and dirt obtained from the quarry, the fill is composed of automobile bodies obtained from appellant, the Boone Motor Company, owned by Mr. Collins.

This action was brought by the Pigmans against Collins, the Boone Motor Company, the city of Whitesburg, and A. C. Brown, the foreman in charge of the construction of the bridge. It was alleged that, by reason of the construction of the fill on the Collins property, the channel and current of the river was diverted and caused to flow with great force upon appellees' land, washing part of it away and decreasing the marketable value of the lot and its appurtenances; that the damage caused thereby is continuing and recurring, causing irreparable injury, for which no adequate remedy can be had at law. Plaintiffs prayed that defendants be enjoined and restrained from extending the fill and that they be required to remove so much thereof as had been completed. They additionally asked for damages which had accrued at that time by reason of the alleged diversion of the stream.

Much evidence was taken and many pictures and maps of the property were filed with the record. The chancellor dismissed the petition as to the city of Whitesburg and the defendant, A. C. Brown, but rendered judgment enjoining and restraining Collins and the Boone Motor Company from continuing the construction of the fill and directing that they remove a certain portion thereof which the court was of opinion would remedy the situation complained of.

Reversal is sought upon the following grounds; (1) that appellees failed to show that the fill placed on the Collins land changed the channel or current of the Kentucky river, but, on the contrary, such change was gradually caused by conditions over which appellants had no control; (2) the court erred in granting injunctive relief

because the impending injury to the property is not of a substantial character, is not irreparable, and appellees have an adequate remedy at law; (3) appellees are not entitled to equitable relief because they have not come into court with clean hands; (4) since appellees stood by and took no action until after the fill had been completed, they are now estopped to invoke injunctive relief. The Boone Motor Company seeks reversal upon the additional ground that there is no evidence showing it had any connection with the construction of the fill on the Collins property.

The evidence was conflicting as to whether the channel or current of the river was diverted by the fill on the Collins land or by other causes. There was ample evidence to support the finding of the chancellor in this respect, and the facts that he viewed the premises and was familiar with the situation (having for many years lived within a hundred feet of the property) must be given great weight in our review of his findings. In equity cases the findings of the chancellor on conflicting evidence will not be reversed unless the Court of Appeals entertains more than a doubt as to their correctness. Powell v. Galloway, 229 Ky. 43, 16 S. W. (2d) 492; Hayes v. Cyrus, 251 Ky. 411, 65 S. W. (2d) 59. Appellees' property lies inside the bend of the river. Many witnesses testified that the current of the stream formerly followed the west bank (Collins' side) of the river but, since the fill had been constructed, it had been diverted to the east bank (Pigman's side). The chancellor was of the opinion that this testimony was correct and his personal inspection of the property probably influenced his determination of this question. We do not entertain more than a doubt as to the correctness of his finding in this respect, consequently, it must be approved.

While the rule is well settled that one may not stand by and permit another to construct a nuisance and, after its construction, invoke the aid of a court of equity to have it removed, this rule is not applicable where the resulting damage is not apparent before the completion of the structure. There is nothing in the record to suggest that the Pigmans reasonably could have anticipated injury to their property before the fill was completed; therefore their failure to object sooner will not operate as an estoppel. Nor do we think the maxim ''he who seeks equity must come with clean hands'' is applicable to the

facts shown in this record. In support of this contention it is argued that Dr. Pigman constructed a fill on his property at approximately the same time Collins built his fill, and, for that reason he may not complain of the injury sustained. This contention must be rejected because there is no testimony or other evidence that the fill on the Pigman lot diverted the channel or otherwise affected the current of the river.

The cases cited by appellants in support of their contention that injunctive relief should not be granted because the damage shown was not substantial or the injury irreparable are not in point with the facts developed by this record. In all those cases the injury resulting to the properties of plaintiffs was slight, if not imaginary, and the court properly held that the cost of removing the structure complained of so greatly exceeded the damage to the property it would be inequitable to grant injunctive relief, and, the plaintiff in each instance had an adequate remedy at law. Devou v. Pence, 106 S. W. 874, 32 Ky. Law Rep. 697; Shaw v. Morrison, 202 Ky. 357, 259 S. W. 707; Kentucky Electric Development Company's Receiver v. Wells, 256 Ky. 203, 75 S. W. (2d) 1088. In this case the property affected is a valuable residence in the city of Whitesburg. It is shown that the desirability of the property as a residence has been materially decreased by reason of the diversion of the river, although, at the time of the submission of the case the land which had been washed away was not proven to be of great value. Manifestly it would be difficult to assess the actual damage caused by the erection of the fill. In such state of case we have consistently held that injunctive relief is the proper remedy. Hounshell v. Miller, 153 Ky. 530, 155 S. W. 1148; Judd v. Blakeman, 175 Ky. 848, 195 S. W. 119; Johnson v. Lainhart, 274 Ky. 127, 118 S. W. (2d) 204.

In the case of Noe v. Bengey, 276 Ky. 807, 125 S. W. (2d) 721, 722, the facts were almost identical with the facts in this case. The chancellor permanently enjoined the defendant from completing the structure and required her to remove the part of the structure which had already been constructed. In affirming the judgment the court said:

> "The evidence shows that the river in high tides follows the gradually curving banks of appellant's side; but that if this structure is completed the

current will strike a straight surface in some places considerably over 100 feet from the present banks on appellant's side and be thus diverted from its natural course; that appellees' land is of a loamy nature, easily washed, and that such diversion of the stream will inevitably result in damage to it."

The decision in that case we deem to be proper and a complete answer to appellants' complaint.

Mr. Collins testified to facts sufficient to show that he is the sole owner of the Boone Motor Company which is situate on the lot upon which the fill was erected. Automobile bodies and parts from the motor company's garage were used as part of the structure of the fill. Under these circumstances it was not improper for the court to enjoin the motor company from further participating in the acts complained of.

Wherefore the judgment is affirmed.