ACCEPTED
12-15-00104-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/20/2015 8:19:16 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-15-00104-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/20/2015 8:19:16 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

RICKY HARRIS,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 007-1559-14
FROM THE 114TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE KERRY RUSSELL, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
    Ricky Harris

APPELLANT'S TRIAL COUNSEL:
    John Jarvis
    326 S. Fannin
    Tyler, Texas 75702
    903-592-6576

APPELLANT'S APPELLATE COUNSEL
    James Huggler
    100 E. Ferguson, Suite 805
    Tyler, Texas 75702
    903-593-2400
    903-593-3830 (fax)

APPELLEE
    The State of Texas

APPELLEE'S TRIAL COUNSEL
    Jeff Wood
    Bryan Jiral
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720    903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
    Michael West
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720    903-590-1719 (fax)

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

PROFESSIONAL EVALUATION OF THE RECORD. . . . . . . . . . . . . . 5

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

CONST.

TEX. CONST. art. V, § 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


STATUTES

TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2013). . . . . . . . . . . . . . . . . 5

TEX. CODE CRIM. PROC. ANN. art. 39.14 (West 2013). . . . . . . . . . . . . . . . 6

TEX. HEALTH AND SAFETY CODE ANN. §481.115 (a), (b) (West 2013). . 2, 3

TEX. PENAL CODE ANN. § 12.425(b) (West 2013). . . . . . . . . . . . . . . 2, 3, 7


CASES

Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,

   18 L. Ed. 2d 493 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Bray v. State, 179 S.W.3d 725 (Tex. App.– Fort Worth 2005, no pet.). . 7

Duron v. State, 956 S.W.2d 547 (Tex. Crim. App. 1997). . . . . . . . . . . . . 5

Mallett v. State, 65 S.W.2d 59, 64 (Tex. Crim. App. 2001). . . . . . . . . . . 6

Mays v. State, 904 S.W.2d 920 (Tex. App. – Fort Worth 1995, no pet.). 5

Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). . . . . . . . . . . . 9

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,

   80 L. Ed. 2d 674 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999). . . . . . . . . . . . 8


RULES

Tex. R. App. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TEX. R. APP. P. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

| RICKY HARRIS, | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

## APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Ricky Harris ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was indicted in Smith County cause number 007-1559-14 and charged with the state jail felony offense of possession of a controlled

substance.  TEX. HEALTH AND SAFETY CODE ANN. §481.115(a) and (b) and (b)(2) (West 2013).  I CR 4[1].   The punishment range was enhanced to a second degree range with the inclusion of two previous felony convictions. TEX. PENAL CODE. ANN. §12.425(b) (West 2013).   Appellant elected to plead guilty to the indictment without an agreement as to punishment. I CR 55; III RR 5-6.[2]   Following evidence and argument, the court sentenced Mr. Harris to ten years confinement.  CR 68-69; IV RR 44. Timely notice of appeal was filed on April 21, 2015.  CR 75.  This brief is timely filed on or before July 22, 2015.

## ISSUES PRESENTED

None

---

[1] References to the Clerk's Record are made using "CR" with an arabic numeral following specifying the correct page.

[2] References to the Reporter's Record are made using "RR" with a roman numeral preceding designating the volume and an arabic numeral following designating the correct page.

## STATEMENT OF THE FACTS

Appellant was indicted in Smith County cause number 007-1559-14 and charged with the state jail offense of possession of cocaine less that one gram. TEX. HEALTH AND SAFETY CODE ANN. §481.115(a) and (b) (West 2013); CR 4. The punishment range for the offense was enhanced to a second degree felony by the inclusion of two sequential non-state jail offenses. Tex. Penal Code Ann. §12.425(b) (West 2013); CR 4. Appellant entered a plea of guilty to the charge in the indictment without an agreed recommendation as to punishment. III RR 13-14; I CR 55. Appellant waived his right to a jury trial, his right to confront and cross-examine witnesses, the notification that if Appellant was not a citizen, a plea of guilty may result in deportation, the effect of the plea on his rights, the consequences of the plea and the range of punishment for a state jail felony enhanced to a second degree felony. I CR 55-60. Mr. Harris entered a plea of guilty to the offense and pleas of true to the enhancement paragraphs. III RR 13-14. A stipulation of evidence was also admitted at this hearing that detailed the Appellant's conduct. CR 58-59.

A punishment hearing was held on April 7, 2015. The defense cross examined the two state's witnesses and Mr. Harris testified. Following the evidence and argument of counsel the court assessed a ten year sentence with no fine or restitution. IV RR 44-45; CR 68-69. This appeal follows.

## SUMMARY OF ARGUMENT

Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). Thus, counsel must move for leave to withdraw from the case.

## ARGUMENT

There is no argument to present to this Court; however, Counsel has included this section to strictly comply with Texas Rule of Appellate Procedure 38. Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or

jurisdictional defects.  Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  Therefore, counsel is including the following explanatory section.


## PROFESSIONAL EVALUATION OF THE RECORD

When counsel contends that there are no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion.  See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App. – Fort Worth 1995, no pet.)

The indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice of the charged offense. See TEX. CONST. art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  The trial court has jurisdiction over the case.   See TEX. CODE CRIM. PROC. ANN. Art. 4.05 (West 2013) (stating that district courts shall have original jurisdiction in felony criminal cases).  Mr. Harris was admonished as to his rights and the range of punishment.  III RR 8-12. The State had filed a motion to amend and interlineate the indictment, specifically a typographical error in an enhancement paragraph.  II RR 13-

5

14; CR 40-42.

The conviction was supported by Appellant's signed confession, and the written plea admonishments indicate that Appellant's plea was made freely and voluntarily[3]. CR 55-60. The court found that the plea was made freely, intelligently, knowingly and intelligently. III RR 45-46. The Morton Act was complied with in this case. III RR 7; CR 65. TEX. CODE CRIM. PROC. ANN. art. 39.14 (West 2013).

During the change of plea hearing, the trial court confirmed that Appellant had reviewed the written plea admonishments with his attorney and that Appellant was making the plea of his own free will. III RR 15, 17. Mr. Harris was able to assist his attorney with the facts of the case, possible defenses and assist for preparation for trial. III RR . The court questioned Mr. Harris as to consumption of alcohol, drugs or other intoxicating substance. III RR 10. Appellant's attorney confirmed that he was satisfied that Appellant was competent. III RR 12. The court found that Mr. Harris was competent. I RR 17.

Counsel has found no error occurring is the assessment of

---

[3] When the record indicates that a defendant was properly admonished after pleading guilty, it is sufficient evidence to establish a prima facie case that the plea was both knowing and voluntary. _Mallett v. State_, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001).

punishment. At the sentencing hearing, the trial court sentenced Appellant to ten years confinement. II RR . The sentence assessed by the trial court is within the punishment range provided for by law. See TEX. PENAL CODE ANN. § 12.425(b) (West 2013)(state jail enhanced to a second degree range). Moreover, the judgment does not contain any improper assessment of fees. See Bray v. State, 179 S.W.3d 725 (Tex. App.--Fort Worth 2005, no pet.). Thus, the undersigned has found no reversible error during the punishment phase.

The trial court incorrectly stated that he had found Mr., Harris guilty of the offense the day of the plea. IV RR 44. If the trial court had found Mr. Harris guilty immediately upon the entry of the plea, it is probable that counsel would have raised an issue that the trial court disregarded available options as to sentencing, specifically deferring a decision as to guilt until after the sentencing phase evidence. Under close review, the trial court did not make a finding if guilt on the day of the plea, although there is a portion in the record where it appears this was intended. III RR 16, lines 8-9.

Finally, the undersigned has reviewed the record and found no

7

arguable ground for ineffective assistance of counsel. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984).

While there was an indication of difficulties in the case, from the record that issue was resolved. II RR 4, 9. This appeared to involve a belief by Mr. Harris that the case should receive a change of venue. II RR 9-10.

In the present case, trial counsel offered pertinent evidence at the hearing, and argued effectively. The State had sought a maximum sentence to be served consecutively, the trial court ordered a ten year sentence to be served consecutively. IV RR 40, 43-44; CR 54, 68-69. Considering the totality of the representation of Appellant's trial counsel, the record contains nothing that would indicate that counsel's performance was deficient. See id. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

## CONCLUSION

Since counsel is unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. See <u>Stafford v. State</u>, 813 S.W.2d 503 (Tex. Crim. App. 1991).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court permit him to withdraw after this Court's own examination of the record in this cause and to afford Appellant his right to file any pro se brief that he may wish to file.

Respectfully submitted,

 /s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 20th day of July, 2015.

Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702




CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 1,789 words as counted by Corel WordPerfect version x6.


 /s/ James Huggler
James W. Huggler, Jr.