ACCEPTED
12-15-00091-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/4/2015 6:31:00 PM
Pam Estes
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-15-00091-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/4/2015 6:31:00 PM
PAM ESTES
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

CHRISTOPHER McLEMORE,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 114-0656-11
FROM THE 114TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE CHRISTI KENNEDY, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437
ATTORNEY FOR APPELLANT

# IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
    Christopher McLemore

APPELLANT'S TRIAL COUNSEL:
    Greg Waldron
    Tonda Curry
    Jason Parrish
    Holmes and Moore
    110 W. Methvin Street
    Longview, Texas 75601
    903-758-2200

APPELLANT'S APPELLATE COUNSEL
    James Huggler
    100 E. Ferguson, Suite 805
    Tyler, Texas 75702
    903-593-2400
    903-593-3830 (fax)

APPELLEE
    The State of Texas

APPELLEE'S TRIAL COUNSEL
    Patrick Murphy
    Lucas Machicek
    Chris Gatewood
    Jacob Putman
    Whitney Tharpe
    Gerald Privin
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720
    903-590-1719 (fax)

ii

APPELLEE'S APPELLATE COUNSEL
    Michael West
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720
    903-590-1719 (fax)

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PROFESSIONAL EVALUATION OF THE RECORD. . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

CONST.

TEX. CONST. art. V, § 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


STATUTES

TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2010). . . . . . . . . . . . . . . . 7

TEX. CODE CRIM. PROC. ANN. art. 26.14(a)(4) (West 2010).. . . . . . . . . . 8

TEX. CODE CRIM. PROC. ANN. art. 42.03§2(a)(2) (West 2010). . . . . . . . . 11

TEX. CODE CRIM. PROC. ANN. art. 42.12 §23(b) (West 2010). . . . . . . . . 11

TEX. PENAL CODE ANN. § 12.33 (West 2010).. . . . . . . . . . . . . . . . . . . . 9

TEX. PENAL CODE ANN. § 22.01(a)(2) (West 2010). . . . . . . . . . . . . . . . . 2

TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2010). . . . . . . . . . . . . . . 1, 2


CASES

Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,
    18 L. Ed. 2d 493 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Bray v. State, 179 S.W.3d 725 (Tex. App.– Fort Worth 2005, no pet.). . 9

Carillo v. State, 98 S.W.3d 789 (Tex. App. – Amarillo 2003, pet. ref'd).11

Duron v. State, 956 S.W.2d 547 (Tex. Crim. App. 1997). . . . . . . . . . . . 7

Hargett v. State, No. 06-15-00022-CR (Tex. App. – Texarkana,
    August 31, 2015, no pet. h.)(publish). . . . . . . . . . . . . . . . . . . . . . . 9

Mallett v. State, 65 S.W.2d 59, 64 (Tex. Crim. App. 2001). . . . . . . . . . 7

Mays v. State, 904 S.W.2d 920 (Tex. App. – Fort Worth 1995, no pet.). 7

Plunk v. State, No. 05-07-01737-CR, 2009 Tex. App. LEXIS 933
    (Tex. App. – Dallas 2009, n pet). . . . . . . . . . . . . . . . . . . . . . . . . . 11

Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).. . . . . . . . . . 13

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,

80 L. Ed. 2d 674 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999). . . . . . . . . . . 13

Woodard v. State, No. 13-09-00694-CR, 2011 Tex. App. LEXIS

5389 (Tex. App. – Corpus Christi 2011, no pet.). . . . . . . . . . . . . . . . 12

RULES

Tex. R. App. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tex. R. App. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

| CHRISTOPHER McLEMORE, | § | IN THE COURT OF APPEALS |
|---|---|---|
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

## APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Christopher McLemore ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was charged by felony information in Smith County cause number 114-0656-11 with the felony offense of aggravated arrest. TEX.

1

PENAL CODE ANN. §22.02(a)(2) (West 2010).  I CR 1[1].   Appellant elected to plead guilty to an information with an agreement for four years deferred adjudication.  I CR 9; I RR 17.[2]  Mr. McLemore entered pleas of true to each allegation contained in the State's third application to proceed to final adjudication.  I CR 91; IX RR 10-11.  The court found Mr. McLemore guilty of the offense and sentenced him to twelve years confinement.  I CR 87-88, IX RR 19.  Timely notice of appeal was filed on April 10 and 15, 2015.  I CR 99-100, 101.  This brief is timely filed on or before September 4, 2015.

## ISSUES PRESENTED

None

---

[1] References to the Clerk's Record are made using "CR" with a roman numeral preceding "CR" designating the correct volume and an arabic numeral following specifying the correct page.

[2] References to the Reporter's Record are made using "RR" with a roman numeral preceding designating the volume and an arabic numeral following designating the correct page.

2

## STATEMENT OF THE FACTS

Appellant was charged by felony information in Smith County cause number 114-0656-11 and charged with the felony offense of aggravated assault. TEX. PENAL CODE ANN. §22.02(a)(2) and 22.01 (a)(2) (West 2010); I CR 1. Appellant entered a plea of guilty to the charge with an agreed recommendation as to punishment. I RR 13-14; I CR 9. Appellant waived his right to grand jury review; a jury trial; his right to confront and cross-examine witnesses; the notification that if Appellant was not a citizen, a plea of guilty may result in deportation; the effect of the plea on his rights; the consequences of the plea and the range of punishment for a second degree felony. I CR 9-18. Mr. McLemore entered a plea of guilty to the offense. I RR 17. A stipulation of evidence was also admitted at this hearing that detailed the Appellant's conduct. I CR 15-16. The court followed the recommendation and placed Mr. McLemore on four years deferred adjudication supervision. I CR 2-3; I RR 21-22.

On July 19, 2011, probation filed a violation report indicating a positive urine test for marijuana. I CR 21-22. Mc. McLemore was held without bond and released when the lab confirmation reported no

3

marijuana or THC present.  I CR 23-26.  Further discussion of this violation is included below.

On June 8, 2012, the trial court denied the recommendation from probation to release Mr. McLemore from Intensive Supervision Probation. I CR 29.  The next month, the court granted the modification.  I CR 30. Mr. McLemore was allowed to travel for work purposes.  I CR 31, 35.

There was a status hearing scheduled November 29, 2012 to determine whether Mr. McLemore would be able to work in Cuero, Texas. I CR 37.  While there was an indication to set the matter for a hearing (I CR 36) the clerk's record does not have proof that Mr. McLemore received notice of the hearing.  There was discussion, both on and off the record, at a hearing about the confusion regarding the setting.  V RR 4-6.  There was a discussion between defense counsel and a court coordinator, counsel believed the matter had been reset, notified his client to that effect, the court coordinator remembered the conversation but did not reschedule the case.  V RR 4-5.  Mr. McLemore did not receive any modification of his supervision as a result of this missed hearing and was allowed to travel for employment purposes.  V RR 13.

4

The State filed the first application to proceed to final adjudication on April 4, 2013 alleging use of methamphetamine. I CR 45-46. The State then filed a motion to continue the hearing, and ultimately dismissed this application because the chemist who performed the forensic testing was located in Lenexa, Kansas. I CR 48-49, 51, VI RR 4.

The second application to proceed to final adjudication was filed on December 5, 2013 and again contained an allegation that Mr. McLemore had used methamphetamine. I CR 63-64. Mr. McLemore entered a plea of true to identity and use of methamphetamine. VII RR 11. The court extended the deferred supervision and ordered him to Substance Abuse treatment through the Texas Department of Criminal Justice. VII RR 19; I CR 72-75. A hearing was held upon his release from SAFPF without counsel being present which is discussed below.

The third application was filed February 26, 2015 and included allegations that Mr. McLemore was placed under supervision (¶ 1); that he used methamphetamine (¶ 2); and that he possessed methamphetamine (¶ 3). I CR 81-83. Mr. McLemore entered a plea of true to each allegation. I CR 91; IX RR 10-11. Following evidence and

5

argument of counsel, the trial court found Mr. McLemore guilty of the offense, and sentenced him to twelve years confinement with credit for time served.  IX RR 15-16, 19.  This appeal follows.

## SUMMARY OF ARGUMENT

Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects.  Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).   Thus, counsel must move for leave to withdraw from the case.

## ARGUMENT

There is no argument to present to this Court; however, Counsel has included this section to strictly comply with Texas Rule of Appellate Procedure 38.  Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects.  Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  Therefore, counsel is including the

6

following explanatory section.

PROFESSIONAL EVALUATION OF THE RECORD

When counsel contends that there are no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion. See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App. – Fort Worth 1995, no pet.)

The indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice of the charged offense. See TEX. CONST. art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). The trial court has jurisdiction over the case. See TEX. CODE CRIM. PROC. ANN. Art. 4.05 (West 2010) (stating that district courts shall have original jurisdiction in felony criminal cases). Mr. McLemore was admonished as to his rights and the range of punishment. I RR 6-9.

The conviction was supported by Appellant's signed confession, and the written plea admonishments indicate that Appellant's plea was made freely and voluntarily[3]. I CR 47-54. The court found that the plea was

---

[3] When the record indicates that a defendant was properly admonished before pleading guilty, it is sufficient evidence to establish a prima facie case that the plea was both knowing and

7

made freely, intelligently, knowingly and intelligently.  I RR 17-18.

Mr. McLemore confirmed that he waived consideration of the case by a grand jury.  I RR 8-9; I CR 11.  During the change of plea hearing, the trial court confirmed that Appellant had reviewed the written plea admonishments with his attorney and that Appellant was making the plea of his own free will.  I RR13-14.  Mr. McLemore was able to assist his attorney with the facts of the case, possible defenses and assist for preparation for trial.  I RR 15-16.  The court questioned Mr. McLemore as to consumption of alcohol, drugs or other intoxicating substance.  I RR 5-6. He was properly admonished as to possible immigration consequences.  I RR 7; Tex. CODE CRIM. PROC. ANN. art. 26.14(a)(4) (West 2010). Appellant's attorney confirmed that he was satisfied that Appellant  was competent and the State offered no evidence regarding competency.  I RR 16.

Counsel has found no error occurring in the final hearing and assessment of punishment.  Mr. McLemore entered a plea of true to each allegation in the application to proceed.  I CR 91.  At the sentencing hearing, the trial court sentenced Appellant to twelve years confinement.

voluntary.  _Mallett v. State_, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001).

IX RR 19. The sentence assessed by the trial court is within the punishment range provided for by law. See TEX. PENAL CODE ANN. § 12.33 (West 2010).

Moreover, the judgment does not contain any improper assessment of fees. See Bray v. State, 179 S.W.3d 725 (Tex. App.--Fort Worth 2005, no pet.). The bill of costs prepared appears to be accurate. I CR 95.

Counsel is concerned about three specific areas, but after review finds that two wopuld be frivolous and the third cannot be resolved with the record in its current form and would either require the appeal be abated and the case remanded for an evidentiary hearing, or a post-conviction writ be filed to resolve the matter.

The first area of concern regards the confirmation testing of urine specimens was performed by a lab which is not certified by the Texas Department of Public Safety for forensic testing. I CR 25-26. Hargett v. State, No. 06-15-00022-CR (Tex. App. – Texarkana, August 31, 2015)(no pet. h.)(designated for publication). However, this violation did not lead to an application to revoke and was involved in the final adjudication hearing.

The second area of concern regards a hearing held by the court without defense counsel present on November 10, 2104. VIII RR 2. On November 4, 2014, probation notified the court about his release from SAFPF and the court ordered a status hearing set. I CR 76. An order setting hearing was signed, but the record does not provide any indication that counsel was notified. I CR 77, 121. There is no fax confirmation sheet or electronic mail confirmation sheet contained in the record. During the hearing, the court added a condition to his supervision that Mr. McLemore to complete three AA or NA meetings per week. VIII RR 6. There was nothing in the record to indicate that Mr. McLemore was not represented by counsel. In fact, over the course of this case, he was represented by three different attorneys all with the same firm. The only motion to withdraw by that firm was made on April 10, 2015. I CR 96-97. Since this was done without counsel being present, although the State was present, it would appear to be improper. There was also no written modification order prepared in the record, although other orders are present. I CR 30, 40, 43, 74-75. Since the final motion to adjudicate did not include an allegation regarding a failure to attend AA or NA meetings, any error would be most likely considered harmless.

10

The final issue considered is that the calculation for time credit in the final judgment may be inaccurate. I CR 87. SAFPF is at least six months in custody and three months of aftercare. From the record it is unclear wheter or not Mr. McLemore successfully completed the aftercare portion of the program entitling him to credit. Mr. McLemore would be entitled to that time on his sentence if he successfully completed the program and aftercare. TEX. CODE CRIM. PROC. ANN. art. 42.03 §2(a)(2) (West 2010). The trial court is required to award Mr. McLemore credit for this time. TEX. CODE CRIM. PROC. ANN. art. 42.12 §23(b) (West 2010). It appears from the record that Mr. McLemore, even though his supervision was ultimately revoked, successfully completed the SAFPF and aftercare program and would be entitled to that credit. This court could abate the appeal and order an evidentiary hearing on this issue. A similar issue to abate was raised in and denied. <u>Plunk v. State</u>, No. 05-07-01737-CR, 2009 Tex. App. LEXIS 933, *10-13 (Tex. App. – Dallas 2009, no pet)[4]. This issue could also be raised by post-conviction writ because the record as prepared does not allow for calculation of the proper back time credit.

---

[4]Although unpublished cases have no precedential value, the court may take guidance from them "as an aid in developing reasoning that may be employed." *Carillo v. State*, 98 S.W.3d 789, 794 (Tex. App. – Amarillo 2003, pet. ref'd).

11

<u>Woodard v. State</u>, No. 13-09-00694-CR, 2011 Tex. App. LEXIS 5389 (Tex. App. – Corpus Christi 2011, no pet.)

Because the sentence was within the range of punishment for a second degree felony, there was no reversible error during the punishment phase.

Finally, the undersigned has reviewed the record and found no arguable ground for ineffective assistance of counsel. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. <u>Strickland v. Washington</u>, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984).

In the present case, trial counsel offered pertinent evidence at multiple hearings, and argued effectively. Mr. McLemore was before this trial court a number of times and counsel was able to have him work in other locations, and enroll in substance abuse treatment. At the final hearing, the State sought a fifteen year sentence, and Mr. McLemore received a twelve year sentence. IX RR 16; 19. Considering the totality of the representation of Appellant's trial counsel, the record contains

nothing that would indicate that counsel's performance was deficient. See

id. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex.

Crim. App. 1999).


## CONCLUSION

Since counsel is unable to raise any arguable issues for appeal, he

is required to move for leave to withdraw. See Stafford v. State, 813

S.W.2d 503 (Tex. Crim. App. 1991).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court permit him to withdraw after this Court's own examination of the record in this cause and to afford Appellant his right to file any pro se brief that he may wish to file.


Respectfully submitted,

 /s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 4th day of September, 2015. And by regular mail to Mr. McLemore at the address below.

Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702

Mr. Christopher McLemore
c/o Cherokee County Jail
272 Underwood
Rusk, Texas 75785

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 3,022 words as counted by Corel WordPerfect version x6.

 /s/ James Huggler
James W. Huggler, Jr.